# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA, ET AL., JEFFREY M. SIMONEAUX,** | **CIVIL ACTION NO. 12-219-SDD-SCR** |
| | **JUDGE: SHELLY D. DICK** |
| **vs.** | |
| | **MAG. JUDGE: STEPHEN C. RIEDLINGER** |
| **E.I. DU PONT DE NEMOURS AND COMPANY** | |

### AGREED CONFIDENTIALITY AND PROTECTIVE ORDER

IT IS ORDERED that the Agreed Motion for Entry of Confidentiality and Protective Order, record document number 18, is GRANTED.

IT IS FURTHER ORDERED that the following Confidentiality and Protective Order ("Protective Order") shall govern the production of documents and information and their use and dissemination in these proceedings:

I. <u>Scope of Discovery Materials.</u> This Order applies to all products of discovery and all information derived therefrom ("Discovery Materials"), including, but not limited to, all documents (including electronic documents) and deposition testimony, and any copies, excerpts or summaries thereof, obtained by any party pursuant to requests for production of documents, requests for admissions, interrogatories, notices of deposition, subpoenas, the Scheduling Order, including all Amendments or Supplements thereto, or the requirements of any other court order entered in this case.

II. <u>Confidential Information.</u> Discovery Materials containing Confidential Information, or other confidential or proprietary research, development, manufacturing, commercial or business information within the scope of Fed. R. Civ. P. 26(c)(1)(G) or other

applicable statutory or common law, may be designated by a party as "Confidential Information." Without prejudice to the right of a party to object to the production of the following information or of a party to seek its production, the information subject to such designation shall include the producing party's:

      (a)    Design, formulation, process, development, research, manufacturing, production, licensing, distribution, construction, and marketing information (which information is not necessarily Trade Secret Information, but otherwise qualifies as Confidential Information);

      (b)    Information concerning competitors and customers;

      (c)    Personnel records and information;

      (d)    Financial information not publicly filed with any federal or state regulatory authorities;

      (e)    Private medical information that identifies a person unless such names can be redacted; and

      (f)    Information submitted to any governmental or regulatory agency, which information is exempt from public disclosure.

Additionally, certain Discovery Materials containing Trade Secret Information may be separately designated as "Trade Secret Information" and will be subject to the special protections set forth in Section VII herein.

      III.    <u>Non-Disclosure of Confidential Information; Consent to Court's Jurisdiction.</u>

Confidential Information shall be held in the strictest confidence by all parties, their attorneys, experts and agents, shall be used solely for purposes of this proceeding and in accordance with the provisions of this Order, and for no other purpose without prior written

approval from the Court or the prior written consent of the designating person or party, and shall not be disclosed except in accordance with Sections VI of this Order. All persons receiving or given access to Confidential Information in accordance with the terms of this Order consent to the continuing jurisdiction of the Court for the purposes of enforcing this Order and remedying any violations thereof.

    IV.    <u>Receipt and Endorsement of Protective Order by Recipients.</u> All persons identified in Sections VI.A.2, A.3, A.4, A.S, A.7 and A.8, prior to being given access to Confidential Information, shall be provided with a copy of this Order and shall execute a copy of the Endorsement of Protective Order, attached as Exhibit A. Counsel or its agent providing access to Confidential Information shall retain the signed original of the Endorsement of Protective Order for each person to whom the Confidential Information is disclosed and shall provide a copy to the party who designated the Discovery Materials as containing Confidential Information upon written request from that party, subject to the right of the party receiving the request to seek leave of Court to withhold production of the Endorsements or otherwise modify the requirement that such Endorsements be produced. For Confidential Information disclosed to experts, a copy of the Endorsement need not be produced, if requested, unless and until the expert is designated as a testifying expert.

    V.    <u>Marking Discovery Materials as Confidential Information; Time for Designation.</u>

    A.    All writings containing Confidential Information and produced by the parties in this suit shall have the following language stamped on the face of the writing, or shall otherwise have such language clearly marked:

CONFIDENTIAL

or

CONFIDENTIAL INFORMATION

Such stamping or marking will take place prior to production by the party. In the case of production of documents by non-parties, within 15 days after receipt of such documents, any party may designate documents as Confidential Information under this Order. After such designation, the confidential stamp shall be affixed. For all confidential documents, the stamp shall be affixed in such manner as not to obliterate or obscure any written matter in the document.

B. In the case of deposition testimony concerning Confidential Information or relating to documents designated as Confidential Information, counsel representing the deponent or counsel representing the person or party who designated the information or document as Confidential Information shall note on the record before or during the testimony that such testimony constitutes Confidential Information. Any additional designations of Confidential Information with respect to a deponent's testimony, or to exhibits used during the deposition that were not previously designated as Confidential Information, shall be made within 10 days after the transcript has been received by counsel who wishes to make such a designation. Counsel shall make such a designation by providing written notice to other counsel that identifies the Confidential Information by page and line number(s) and any exhibits being designated as Confidential Information shall be identified by exhibit number. Until the expiration of such 10-day period, the entire text of the deposition, including exhibits, shall be treated as Confidential Information under this Order.

C. In the event that the producing person or party inadvertently fails to designate Discovery Materials as Confidential Information before or at the times set forth

in the above provisions of this Section, the person or party may make such a designation subsequently by notifying in writing and as soon as practicable all parties to whom such Discovery Materials were produced. After receipt of such notification, the parties to whom production has been made shall treat the designated Discovery Materials as Confidential Information, subject to their right to dispute such designation in accordance with Section VIII of this Order.

VI.     Limited Disclosure of Confidential Information.

    A.     Confidential Information shall not be disclosed to anyone other than the following categories of persons:

        1.     The Court (and the Louisiana Federal Appeals and Supreme Courts), including court personnel, jurors, and alternate jurors.

        2.     If designated as confidential by any Defendant, to Plaintiff's Counsel, and the paralegal, clerical, secretarial and other staff employed or retained by all such counsel who are working on the litigation.

        3.     Court reporters (including persons operating video recording equipment at depositions) and persons preparing transcripts of testimony to the extent necessary to prepare such transcripts.

        4.     Experts, advisors and consultants who have been retained in this litigation, including persons directly employed by such experts, advisors and consultants, (collectively "Experts") but only to the extent necessary to perform their work in connection with this litigation and only after they have complied with the provisions of Section IV. Notwithstanding the above, in no event shall any Confidential Information be provided to any stock analysts, investment

bankers, or others who follow or report on the financial viability of a company, business or industry.

5. The persons or party who authored the Confidential Information or who received such Confidential Information in the ordinary course of business.

6. Such persons as counsel for the person or party designating the Discovery Materials as containing Confidential Information shall consent to in writing before the proposed disclosure.

7. Deponents or trial witnesses if the Confidential Information to be disclosed is relevant to their testimony.

8. Such other persons as the Court shall order, subject to whatever restrictions the Court shall require.

B. All parties and their respective counsel, paralegals, employees and assistants who receive Discovery Materials shall take all reasonable steps necessary to prevent the disclosure of Confidential Information.

C. Each person who is permitted under the terms of this Order to see Confidential Information shall first be given a copy of this Order, shall read this Order, and shall further be advised orally of the obligation to honor the designation of Confidential Information; and if required under the terms of Section IV, shall execute a copy of the Endorsement of Protective Order, attached hereto as Exhibit A.

D. Disclosure of Confidential Information other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate, including without limitation, contempt citations, injunctive relief and damages.

6

Case 3:12-cv-00219-SDD-SCR   Document 19   07/26/13   Page 6 of 13

VII. <u>Special Requirements Governing Disclosure of Trade Secret Information.</u>

    A.    Defendant, E. I. duPont de Nemours and Company (DuPont), has a significant property interest in Trade Secret information relative to the production of sulfuric acid. This Trade Secret information, which includes but is not limited to any documents and information that refer to, relate or contain information regarding the processing and production of sulfuric acid are highly confidential, proprietary and commercially sensitive trade secrets (collectively, "Trade Secret Information"). While Trade Secret Information is a type of Confidential Information pursuant to Section II, because of the extensive research and development costs associated with the development of this information, the following special requirements, along with the other provisions in this Protective Order to the extent not inconsistent with or contrary to the provisions of this Section VII, govern the disclosure of Trade Secret Information. To the extent the following special requirements are inconsistent with or contrary to any other provisions within this Order, they supercede and replace such provisions.

    B.    DuPont may designate material or information as Trade Secret Information upon a good faith determination that the material or information meets the criteria of Sections II and VII.A. DuPont shall designate material or information as Trade Secret Information by placing or affixing on the material or information in a manner which will not interfere with its legibility the words:

        "TRADE SECRET INFORMATION

        SUBJECT TO PROTECTIVE ORDER"

C. Once the Trade Secret documents have been identified and marked, those documents will be provided to the Court, for its in camera inspection of them prior to production to Plaintiff.

D. To the extent that any documents, which have been designated by DuPont as Trade Secret, are ordered produced, they will be protected exactly the same as the Confidential Information, otherwise discussed in this Order.

VIII. <u>Disputing a Designation of Confidential Information.</u>

A. If at any time a party wishes for any reason to dispute a designation of Discovery Materials as containing Confidential Information, such party shall notify the designating party of such dispute in writing, specifying by exact document numbers the material in dispute and the precise nature of the dispute with regard to each such document or other Discovery Materials. If after a good faith attempt, the parties are unable amicably to resolve the dispute, the party disputing the designation of the Discovery Materials as containing Confidential Information shall apply to the Court for a ruling as to whether the designated Discovery Materials are properly classified as Confidential Information. Such application shall be made within 30 days from the date on which the party which made the designation receives notice in writing from the party disputing the designation that the parties' good faith efforts to resolve the dispute have failed.

IX. <u>Filing Confidential Information With the Court.</u>

A. Any Discovery Materials that have been designated as containing Confidential Information which are filed with the Court, and any pleading, motion or other paper filed with the Court containing or disclosing any Confidential Information

shall be filed under seal with the Clerk of Court in an envelope marked "SEALED," which also shall bear the legend:

> "THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION COVERED BY A PROTECTIVE ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER. THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT."

In addition, the first page of any pleading, motion or other paper which itself contains Confidential Information shall have the above legend marked upon it.

      B.    The Discovery Materials, pleadings, motions or other papers containing or disclosing Confidential Information shall be kept under seal by the Clerk of Court until further order of the Court. Such Discovery Materials, pleadings, motions or other papers shall be available to the Court and its personnel.

      C.    Service of any pleading, motion or other paper being filed with the Court that contains or discloses any Confidential Information shall be made only upon those counsel of record entitled to receive Confidential Information under Section VI of this Order, and then only after such counsel of record has complied with the provisions of Section IV of this Order. All other counsel of record shall be served only with a notice stating that the pleading, motion or other paper is being served and that it contains Confidential Information.

X.    <u>Additional Disclosure Provisions.</u>

      A.    Except as provided for herein, nothing in this Order shall prevent or restrict counsel for any party from inspecting, reviewing, using or disclosing any Discovery Materials produced or provided by that party, including Discovery Materials designated as Confidential Information.

B. Nothing in this Order shall restrict the use of Confidential Information by the person or party who is asserting the claim of confidentiality as to that information

C. Nothing shall prevent disclosure of Confidential Information beyond that required under this Order if the designating party consents in writing to such disclosure.

D. No disclosure pursuant to this Section X shall waive any rights or privileges of any party granted by this Order.

XI. <u>Other Objections Preserved.</u> This Order shall not enlarge or affect the proper scope of discovery in this litigation, nor shall this Order imply that Confidential Information is properly discoverable, relevant or admissible in this litigation. All parties reserve the right to object to any disclosure of information or production of any document that is designated as Confidential Information on any other grounds the party may deem appropriate.

XII. <u>Additional Protections.</u> The entry of this Order shall be without prejudice to the right of any party hereto, or of any non-party, to assert or apply for additional or different protection.

XIII. <u>Ensuring Compliance with Order.</u> All parties and counsel for such parties in this proceeding shall make a good faith effort to ensure that their experts, employees and agents comply with this Order. In the event of a change in counsel, retiring counsel shall fully instruct new counsel of their responsibilities under this Order.

XIV. <u>Survival of Terms.</u> The terms of this Order shall survive and remain in effect after the termination of this proceeding. The parties shall take such measures as are necessary and appropriate to prevent the public disclosure of Confidential Information through inadvertence or otherwise, after the conclusion of this litigation.

XV. <u>Return of Confidential Information to Producing Party.</u>  Within 30 days of the conclusion of this matter, whether by trial, appeal or otherwise, all Confidential Information hereby protected, all Discovery Materials containing such information, and all other documents, copies thereof, or any other media which incorporate any of the information, shall promptly be assembled and delivered to counsel for the party that designated the Discovery Materials as containing Confidential Information, along with an affidavit testifying as to the destruction of electronic copies of all Confidential Information.

XVI. <u>Duties Upon Receipt of Subpoena or Request by Non-Party for Confidential Information.</u> If Confidential Information is subpoenaed or requested from anyone who is not the designating party by any court or any other agency, person or entity not a party to this action, the entity or person to whom the request is directed shall, within 2 business days after receipt of the subpoena or request, (i) notify counsel for the designating person or party in writing of all of the following: (a) the information and documentation which is requested for production; (b) the date on which compliance is requested; (c) the location at which compliance is requested; (d) the identity of the person, court, agency or entity making the request or serving the subpoena; and (e) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the request is made if by subpoena; and (ii) notify the requesting person, agency, court or entity of the existence of this Protective Order and that the information demanded has been identified as confidential pursuant to this Protective Order.  The responsibility for attempting to prevent the disclosure or production of such Confidential Information shall rest exclusively with the entity that designated the information as Confidential

Information, and it shall respond within the time designated in the request/subpoena or obtain an extension from the requesting person, court or entity for doing so.

XVII. <u>Use of Confidential Information at Hearing or Trial.</u> This Order does not restrict or limit the use of Confidential Information at any hearing or trial. Prior to any hearing or trial at which the use of Confidential Information is anticipated, the parties shall meet and confer regarding the use of the confidential material. If the parties cannot agree, the parties shall request the Court to rule on such procedures.

Baton Rouge, Louisiana, July 24, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

ENDORSEMENT OF PROTECTIVE ORDER

STATE OF LOUISIANA

PARISH OF _____

Being duly sworn,

I hereby attest to my understanding that information or documents designated as Confidential Information and/or Trade Secret Information are being provided to me subject to the Confidentiality and Protective Order dated _____ (the "Protective Order"), a copy of which is attached; that I have read the Protective Order, and, if I am not an attorney, that I have had its meaning and effect explained to me by the attorneys providing me with the Confidential Information and/or Trade Secret Information, and that I agree to be bound by its terms. I also understand that my execution of this Endorsement of Protective Order, indicating my agreement to be bound by the Protective Order, is a prerequisite to my review of any information or documents designed as Confidential Information and/or Trade Secret Information pursuant to the Protective Order.

I further agree that I shall not disclose to others, except in accord with the Protective Order, any Confidential Information and/or Trade Secret Information in any form whatsoever, and that such Confidential Information and/or Trade Secret Information may be used only for the purposes authorized by the Protective Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Confidential Information and/or Trade Secret Information will continue even after this litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court for the Middle District of Louisiana, for the purposes of any proceedings relating to enforcement of the Protective Order.

Date: _____

By: _____
    Printed Name

Signature: _____    Sworn to and Subscribed before me this
    _____ day of _____, 2013.

    _____
    Notary Public