# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JEFFREY M. SIMONEAUX                  CIVIL DOCKET NUMBER

VERSUS                                     12-219-SDD-SCR

E.I. du PONT de NEMOURS & COMPANY

## RULING

This matter is before the Court on a *Motion for Certification of Judgment for Interlocutory Appeal*[1] filed by Defendant, E.I. du Pont de Nemours and Company (DuPont). Plaintiff and Relator, Jeffrey M. Simoneaux, has filed an *Opposition* to the *motion*.[2] After reviewing the memoranda of the parties and the applicable law, DuPont's *Motion for Certification of Judgment for Interlocutory Appeal* shall be denied.

## I. BACKGROUND

Simoneaux, a former employee of DuPont's Burnside, Louisiana facility, initiated this lawsuit against DuPont under the *qui tam* provision of the False Claims Act (FCA). The FCA "covers all fraudulent attempts to cause the government to pay out sums of money."[3] As part of the Fraud Enforcement and Recovery Act of 2009 (FERA), the FCA was amended. Pursuant to these

---

[1] Rec. Doc. 48.
[2] Rec. Doc. 49.
[3] *Abbott v. BP Exploration and Production Inc.,* 781 F.Supp.2d 453, 461 (S.D.Tx. 2011)(quoting *U.S. v. Neifert-White Co.*, 390 U.S. 228, 233 (1968)). "The FCA does this by making it unlawful for a person to knowingly present or cause to be presented to the government 'a false claim for payment or approval.'" *U.S. v. HCA Health Services of Oklahoma, Inc.*, 2011 WL 4590791, at *5 (N.D.Tx. Sept. 30, 2011).

amendments, Simoneaux has claimed that DuPont failed to comply with its obligation under 15 U.S.C. § 2607 of the Toxic Substances Control Act (TSCA) to report the release of sulfur trioxide gas (SO3) at its Burnside Plant to the Environmental Protection Agency (EPA).[4] Failure to provide such notice is unlawful, 15 U.S.C. § 2614, and invokes a mandatory penalty up to $37,500 for each violation, 15 U.S.C. §2615(a)(1).

Ultimately, DuPont filed a *Motion for Summary Judgment* seeking dismissal of Simoneaux's reverse false claim cause of action as a matter of law. DuPont argued that because the payment of statutory penalties under the TSCA is not mandatory, and is contingent on an order by the EPA Administrator, Simoneaux could not satisfy the FCA's obligation requirement necessary to establish a *prima facie* case. On April 4, 2014, after reviewing the relevant memoranda and considering oral argument, the Court denied DuPont's *motion*.[5] The Court concluded that the 2009 amendments had changed the meaning of obligation within the FCA by providing a statutory definition for this term, which could apply to regulations, such as the TSCA. Strictly construing this new statutory language, the Court found that because the TSCA gives rise to an obligation to report chemical leaks, and failure to do so will result in the

---

[4] Pursuant to 15 U.S.C. § 2607, any person who manufactures, processes, or distributes a chemical substance in commerce and who obtains information that reasonably supports the conclusion that such substance presents a substantial risk of injury to health or to the environment shall immediately inform the Administrator of the EPA of such information.

[5] Rec. Doc. 27. Simoneaux had filed an opposition to DuPont's motion, to which DuPont filed a reply brief. Rec. Doc. 38 and Rec. Doc. 42, respectively. On April 4, 2014, after both parties presented oral argument, the Court issued oral reasons for denying DuPont's *Motion for Summary Judgment*. Rec. Doc. 47.

imposition of a fine or penalty, whether fixed or not, the 2009 Congressional definition of obligation was satisfied; therefore, the Court denied DuPont's summary judgment motion. DuPont now seeks certification of the Court's April 4, 2014 *Ruling* pursuant to 28 U.S.C. §1292.[6]

## II. SECTION 1292(B) STANDARD

28 U.S.C. §1292(b) governs the certification of interlocutory orders for appeal. According to the Fifth Circuit, "[t]he purpose of § 1292(b) is to provide for an interlocutory appeal in those exceptional cases where the order in question 'involves a controlling question of law as to which there is substantial ground for difference of opinion and [where] an immediate appeal from the order may materially advance the ultimate termination of the litigation.'"[7] Hence, "[i]n order to certify an issue for appeal, the appealable issue must involve: '(1) a controlling issue of law; (2) a substantial ground for a difference of opinion; and (3) a question whose immediate appeal from the order will materially advance the ultimate termination of the litigation.'"[8] "The burden of demonstrating the necessity of an interlocutory appeal is on the moving party."[9]

## III. ANALYSIS

Of the three prongs that DuPont must satisfy to demonstrate the necessity of an interlocutory appeal, the Court finds that the second prong--demonstrating

---

[6] Rec. Doc. 48.
[7] *U.S. v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985) (quoting 28 U.S.C. § 1292(b)).
[8] *Warder v. Shaw Group, Inc.*, 2014 WL 3700920, at *2(E.D.La. July 24, 2014)(quoting *Gulf Coast Facilities Mgmt., LLC v. BG LNG Servs., LLC*, 730 F.Supp.2d 552, 565 (E.D.La 2010) aff'd sub nom. *Gulf Coast Facilities Mgmt., L.L.C. v. BG LNG Servs., L.L.C.*, 428 F.App'x 318 (5th Cir. 2011)).
[9] *In re L.L.P. & D. Marine, Inc.*, 1998 WL 66100, at *1 (citing *Orson, Inc. v. Miramax Film Corp.*, 867 F.Supp. 319, 320 (E.D.Pa. 1994), *aff'd in part, vacated in part on other grounds*, 79 F.3d 1358 (1996)).

a substantial ground for difference of opinion--creates a hurdle that DuPont simply cannot clear. Citing to a Northern District of Georgia decision, DuPont states that "substantial ground for difference of opinion is satisfied when (1) the issue is difficult and of first impression, (2) a difference of opinion as to the issue exists within the controlling circuit; and (3) the circuits are split on the issue."[10] Because the Fifth Circuit has yet to determine how the 2009 amendments to the FCA should be interpreted, it is DuPont's contention that this is a legal issue of first impression, which makes this Court's ruling suitable for certification.

The provision of the FCA that established violations referred to as a "reverse false claim" was recodified in 2009 as 31 U.S.C. §3729(a)(1)(G), and imposes liability on any person who:

> knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government….

As part of these amendments, Congress also enacted a statutory definition for the term "obligation," where one had never existed before. An obligation is now defined as "an established duty, whether or not fixed, arising from an express or implied contractual, grantor-grantee, or licensor-licensee relationship, from a fee-based or similar relationship, from statute or regulation, or from the retention of any overpayment."[11]

---

[10] *Georgia State Conference of the NAACP v. Fayette County Board of Comm'rs.*, 952 F.Supp.2d 1360, 1362 (N.D.Ga. 2013).
[11] 31 U.S.C. § 3729(b)(3).

Standing alone, the fact that this Court is the first to rule on the proper interpretation of the 2009 amendments to the FCA "does not qualify the issue as one over which there is substantial disagreement."[12] Moreover, the Court finds that while this may be a case of first impression, it is not a difficult issue that would justify certification, a point that DuPont fails to address in its memorandum. In fact, this Court found the plain, straightforward language of 31 U.S.C. §3729(a)(1)(G) and 31 U.S.C. §3729(b)(3) to be clear and unambiguous. Based on such a finding, the Court explained that it would be improper to consider the legislative history of the 2009 amendments, and further declined invoking its own policy considerations. As for the Fifth Circuit jurisprudence relied on by DuPont, the Court found it was non-binding case precedent because the cases preceded the 2009 legislative changes to the FCA.

As this Court has recently explained, "[d]isagreement with the district court's ruling is insufficient to establish a substantial ground for a difference of opinion."[13] Rather, "'substantial ground for difference of opinion' usually only arises out of a genuine doubt as to the correct applicable legal standard relied on in the order."[14] Here, the Court applied the correct standards of statutory interpretation to the 2009 amendments of the FCA. The Court further finds that

---

[12] *In re Central Louisiana Grain Co-op, Inc.*, 489 B.R. 403, 412 (W.D.La. 2013)(quoting *Ryan v. Flowserve Corp.*, 444 F.Supp.2d 718, at 724 (N.D. Tex. 2006)); *Mosaic Underwriting Service, Inc. v. Moncla Marine Operations, L.L.C.*, 2013 WL 2903083, at *9 (E.D.La. June 12, 2013)(quoting *Ryan v. Flowserve Corp.*, 444 F.Supp.2d 718, at 724 (N.D. Tex. 2006)).
[13] *U.S. v. Louisiana Generating LLC*, 2012 WL 4588437, at *2 (M.D.La. Oct. 2, 2012). See also, *Property One, Inc. v. USAgencies, L.L.C.*, 830 F.Supp.2d 170, 182 (M.D.La. 2011)("Mere disagreement, even if vehement, with a ruling does not establish substantial ground for difference of opinion.").
[14] *Property One, Inc. v. USAgencies, L.L.C.*, 830 F.Supp.2d 170, 182-83 (M.D.La. 2011).

DuPont has failed to demonstrate how there is a substantial ground for difference of opinion as to the Court's *Ruling*. Because DuPont has failed to satisfy the second prong necessary for certification, DuPont's *motion* shall be denied.

## IV. CONCLUSION

For the foregoing reasons, E.I. du Pont de Nemours and Company's *Motion for Certification of Judgment for Interlocutory Appeal* is hereby DENIED.[15]

Signed in Baton Rouge, Louisiana, on September 2, 2014.

*Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[15] Rec. Doc. 48.