**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

JEFFREY M. SIMONEAUX                                    CIVIL ACTION NO.

VERSUS                                                              12-219-SDD-SCR

E.I. du PONT de NEMOURS & COMPANY

## RULING

Before the Court is the Plaintiff/Relator, Jeffrey M. Simoneaux's, *Motion in Limine to Exclude the Testimony of Robert Zoch, Jr.* ("Zoch").[1] Zoch has been identified as an expert in Chemical Engineering by Defendant, E.I. du Pont de Nemours & Company ("DuPont"). For the reasons which follow, Relator's Motion is granted in part and denied in part.

**I.    BACKGROUND**

This is an action brought pursuant to the Federal False Claims Act[2]. Relator alleges that DuPont is in violation of the Toxic Substances Control Act ("TSCA")[3]. Relator contends that, beginning in approximately December of 2011, DuPont failed to report leaks of Sulphur[4] gas to the EPA in violation of the TSCA.

DuPont has identified Robert M. Zoch, Jr., a Chemical Engineer, to offer rebuttal opinion testimony of the Relator's expert's opinions regarding the following:

1)    the magnitude of gas releases;

2)    the appropriate corrective actions to address releases; and

3)    reporting responsibilities under applicable environmental regulations.

---

[1] Rec. Doc. 54.
[2] 31 USC 3729 – 3733.
[3] 15 USC 2601, *et seq.*
[4] Sulphur Trioxide ("$SO_3$"), Sulphur Dioxide ("$SO_2$"), and Sulfuric Acid.

23547                                                                  1

Relator argues that the bases of Zoch's opinions are unreliable and, therefore, should be excluded under Federal Rule of Evidence 702. Specifically, Relator challenges the following opinions reached by Zoch:

1) DuPont and its contractors acted reasonably to minimize releases;

2) DuPont used sound engineering principles to estimate the amounts and characteristics of releases;

3) DuPont had no EPA reporting obligations and/or the releases did not exceed the reportable quantities; and

4) the extent to which the vacuum hose system was capturing releases.

## II.   LAW AND ANALYSIS

### A.   Capture by Vacuum Hose System

As an initial matter, Zoch's opinion testimony will be limited to those opinions stated in his Rule 26(B) written report. Accordingly, in as much as his report is silent as to the extent of recovery or capture of leaking gas by the vacuum hose, he will not be permitted to opine as to the quantity of gas captured or recovered by the vacuum taps.[5] Zoch will be permitted to testify regarding the vacuum hose methodology utilized by DuPont to capture gas leaks. However, in so far as no opinions as to the quantity or amount of recovery were provided in his report, he will be precluded from giving opinion testimony as to the quantity or amount of recovery by the vacuum hose system.

---

[5] In Section 2.5.1 of his report, Zoch indicates that "vacuum taps near [the] damper had historically been fitted with hoses to capture gas releases during plant maintenance activities. When gas leaks appeared in the DAR equipment, that procedure was employed to capture the gases and return them to the process gas system for reprocessing."

### B. Reasonableness of DuPont's efforts

Zoch may explain the technical aspects of what DuPont and its contractors did to minimize sulphur compound releases resulting from equipment malfunctions. However, Zoch will not be permitted to give the ultimate opinion as to whether or not DuPont and its contractors were reasonable. The reasonableness of the actions taken by DuPont is ultimately a jury question and not proper for opinion testimony.

### C. DuPont's Reporting Obligations

Relator's objections that opinion testimony regarding DuPont's reporting obligations are legal conclusions and should be excluded are reserved until the time of trial. The Court notes that the Relator's expert, Dr. Templet, may be offered to opine that the sulphur releases are reportable as a Toxic Release Inventory ("TRI") chemical. The Court also notes that Relator's proposed expert, Dr. Miller, may be asked to opine as to DuPont's obligations under 40 CFR 355.40[6]. To the extent that opinion testimony as to EPCRA reportability and TRI reportability is an issue at trial, the Court defers ruling on the admissibility of expert testimony on these issues until the time of trial.

### D. The Propriety of DuPont's Estimates of the Quantity and Characteristics of the Releases

With respect to the Relator's remaining limine objections as to whether DuPont applied sound engineering principles in estimating the amount and characteristics of the releases caused by equipment malfunctions is denied. The Court's gate-keeper role is not a substitute for the adversarial system[7]. Through cross-examination, the expert's theory can be challenged and assessed for reliability.

---

[6] Emergency Planning and Community Right-to-Know Act ("EPCRA").
[7] *United States v. 14.38 Acres of Land situated in Leflore County, Mississippi*, 80 F. 3d 1074, 1078 (5th Cir. 1996).

**III.    CONCLUSION**

Relator's *Motion in Limine*[8] is granted as to:

1) The quantity of recapture by the vacuum hoses; and

2) The reasonableness of DuPont's release minimization actions.

Relator's motion to exclude opinion testimony regarding DuPont's federal reporting obligations is deferred to trial.  Relator's motion to exclude opinion testimony on whether DuPont used or followed sound engineering principles and methodology to estimate the quantity of released Sulphur compounds is denied.

Signed in Baton Rouge, Louisiana, on October 27, 2014.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[8] Rec. Doc. 54.