UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEFFREY M. SIMONEAUX

VERSUS

E.I. du PONT de NEMOURS & COMPANY

CIVIL ACTION NO.

12-219-SDD-SCR

RULING

Before the Court is the Plaintiff/Relator Jeffrey M. Simoneaux's ("Simoneaux") *Motion in Limine*[1] to exclude testimony of the Defendant, E.I. du Pont de Nemours & Company ("DuPont") proposed Toxicologist, Dr. Glenn Millner. For the reasons that follow, the Motion is granted in part and denied in part.

I. BACKGROUND

In this case, a jury will be called to decide whether leaks of Sulphur[2] at DuPont's Burnside plant presented a substantial risk of injury to health or the environment, thus triggering an EPA reporting obligation under the Toxic Substances Control Act ("TSCA").

According to his report[3], Dr. Millner, a PhD toxicologist, was engaged to provide information regarding "the toxicology and known health effects of exposure to $SO_3$, $SO_2$, and Sulphur acid and to analyze the available data in order to determine if there was a

---

[1] Rec. Doc. 55.
[2] $SO_3$, $SO_2$, and Sulphur acid mist.
[3] Rec. Doc. 55-2.

substantial risk of injury to the public from chemical exposures in relation to the [Sulphur[4]] releases at [DuPont's Burnside] plant"[5].

Relator moves to exclude any opinion testimony by Dr. Millner that DuPont had no reporting obligations under the TSCA because the Sulphur emission levels did not exceed the reportability quantities under RCRA and/or CERCLA[6].

## II. CONCLUSION

Dr. Millner will not be permitted to testify that RCRA and/or CERCLA provide the threshold quantities for reportability under the TSCA. This is an impermissible legal conclusion and is contrary to recent jurisprudence[7]. Furthermore, Dr. Millner's report does not address an opinion as to the chemicals to which the TSCA applies. Dr. Millner will not be permitted to give opinion testimony that TSCA applies only to chemicals that are in the research and development stage.

Dr. Millner will also be precluded from giving opinion testimony as to the definition of the word "injury" as used by Congress in the TSCA statute. In the Court's view, untrained laymen are equally qualified to determine intelligently and without enlightenment from an expert, what conditions or symptoms may constitute an injury and what conditions or symptoms do not constitute injury. Expert testimony on what is or is not an injury will not, in this Court's view, assist the "trier of fact to understand the evidence or determine a fact in issue".[8]

---

[4] $SO_3$, $SO_2$, and Sulphuric acid.
[5] Rec. Doc. 55-2, p. 3.
[6] Resource Conservation Recovery Act ("RCRA"); Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA").
[7] In Re Methyl Tertiary Butyl Ether Products Liability Litigation, 559 F. Supp. 2nd 424, 436-37 (S.D.N.Y. 2008).
[8] FRE 702A.

In all other respects, the Relator's *Motion in Limine*[9] is denied. Through cross-examination, the expert's theories and the bases for his opinions can be adequately challenged.

Baton Rouge, Louisiana the 27 day of October, 2014.

*Shelly Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[9] Rec. Doc. 55.