**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

SIMONEAUX, ET AL.                                    CIVIL ACTION NO.

VERSUS                                               12-219-SDD-SCR

E.I. du PONT de NEMOURS
AND COMPANY

## **RULING**

DuPont moves to limit the opinion testimony by Relator's experts on the grounds of relevance.[1] DuPont seeks a limine order precluding the Relator's experts from testifying regarding (1) the design of DuPont's vacuum recovery/mitigation system; (2) the lack of proper hazards analysis; and (3) the failure to adhere to process safety management regulations as evidence of a substantive risk of injury to health or to the environment.[2] DuPont argues that since "the vacuum recovery systems and the process hazards analysis discipline at DuPont are not relevant to whether the leaks of sulphur gases presents a substantial risk of injury to health or the environment, they should be excluded."[3]

Considering DuPont's reporting obligations under the TSCA[4], DuPont's argument appears well reasoned. By its terms, the TSCA imposes a reporting obligation when

---

[1] DuPont points out that it "is not raising a *Daubert* motion with respect to [Relator's] experts and, at this juncture, is not questioning the expertise of the Relator's experts or their methodology." Rec. Doc. 93.
[2] Rec. Doc. 93.
[3] *Id.*
[4] Toxic Substances Control Act, 15 U.S.C. § 2607.

24464

DuPont "obtains information which reasonably supports the conclusion that such substance or mixture presents a substantial risk of injury to health or the environment."[5]

However, DuPont's Motion fails to consider the Relator's burden under the False Claim Act[6] ("FCA"). Under the FCA, Relator must prove that DuPont "knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the government." 31 U.S.C. § 3729(a)(1)(G). For purposes of the FCA:

> (1) the terms 'knowing' and 'knowingly'—
>   (A) mean that a person, with respect to information--
>       (i)   has actual knowledge of information;
>       (ii)  acts in deliberate ignorance of the truth or falsity of the information; or
>       (iii) acts in reckless disregard of the truth or falsity of the information; and
>
> (B) requires no proof of specific intent to defraud.[7]

The design of DuPont's vacuum recovery/mitigation system; DuPont's hazards analysis; and DuPont's process safety management regulations may be relevant to the factual question of whether DuPont "knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the government."[8]

In light of the Relator's burden of proof under the FCA, DuPont's *Motion in Limine*[9] to exclude these areas of examination and testimony on the grounds of

---

[5] 15 U.S.C. §2607(e).
[6] 31 U.S.C. §3729.
[7] 31 U.S.C. §3729(b).
[8] 31 U.S.C. §3729(a)(1)(G).
[9] Rec. Doc. 93.

relevance must be DENIED at this pretrial stage. This ruling is without prejudice to the rights of the parties to make evidentiary objections at trial.

Signed in Baton Rouge, Louisiana on <u>December 17, 2014</u>.

_____
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

24464