UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA,
ET AL., JEFFREY M. SIMONEAUX,　　　　　　　CIVIL ACTION
RELATOR

VERSUS　　　　　　　　　　　　　　　　　　NUMBER 12-219-SDD-SCR

E.I. du PONT de NEMOURS AND COMPANY

## WRITTEN REASONS FOR RULING

On January 11, 2015, Defendant, E.I. du Pont de Nemours and Company ("DuPont"), filed a *Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction*.[1] The parties presented oral argument on DuPont's *Motion* on January 12, 2015, prior to the start of the trial in this matter. For the reasons orally assigned and the following reasons, DuPont's *Motion* is DENIED.

In its *Motion*, DuPont argued that the Sixth Circuit decision of *Boegh v. EnergySolutions, Inc.*,[2] rendered in November of 2014, supported its position that the Court lacks subject matter jurisdiction over Simoneaux's claims. In *Boegh*, the appellate court addressed whether a non-employee applicant had standing to bring retaliation claims under various statutes, including the False Claims Act (FCA) and the Toxic Substances Control Act (TSCA). The *Boegh* court found that the plaintiff lacked standing to assert his retaliation claim under the FCA. In reaching its decision, the court found that the term employee under the FCA did not include non-employee applicants. In this case, it is undisputed that, at all relevant times, the Plaintiff/Relator was an

---

[1] Rec. Doc. 163.
[2] 772 F.3d 1056 (6th Cir. 2014).

1

24769

employee of Defendant, DuPont.[3] Having concluded that the non-employee plaintiff in *Boegh* lacked standing to bring an action pursuant to the FCA, the court addressed whether it had subject matter jurisdiction to hear the plaintiff's retaliation or "whistleblower" claims under the TSCA. The Sixth Circuit concluded that the TSCA[4] "provide[s] an exclusive set of remedies: administrative review in the DOL, followed by judicial review of a final agency order in the Court of Appeals for the circuit in which the violation allegedly occurred or the circuit in which the complainant resided on the date of the violation."[5]  In light of the specific statutory scheme for administrative review of agency actions, in combination with a void in the TSCA's legislative history indicating Congress' intent that claimants have concurrent review in district courts, the *Boegh* court found that a claimant lacks standing to assert a claim under the retaliation provision of the TSCA directly in federal district court.

Although *Boegh* stands for the proposition that the plaintiff lacks standing to bring a retaliation claim in district court directly under the TSCA, the Plaintiff in this case has not asserted a retaliation claim under the TSCA.  Rather, Plaintiff in this case asserts retaliation under the FCA.[6]  Specifically, Plaintiff alleges that his former employer, DuPont, violated reporting obligations under the TSCA, thereby avoiding regulatory fines.  It is the alleged avoidance of regulatory penalties that gives rise to Plaintiff's FCA

---

[3] Congress expressly authorized False Claims Act suits by private individuals. 31 U.S.C. § 3730(b). Congress also expressly created a private cause of action by "[a]ny employee, contractor, or agent . . . who is discharged, demoted, suspended, threatened, harassed or in any other manner discriminated against in the terms and conditions of employment because of because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter." 31 U.S.C. § 3730(h)(1).

[4] In addition to the TSCA, the *Boegh* court's reasoning also applied to three other environmental statutes--the Safe Drinking Water Act, Clean Water Act, and Solid Waste Disposal Act--which are not at issue in the pending matter.

[5] 772 F.3d at 1065.

[6] 31 U.S.C. § 3730(h)(1), cited at note 3 *supra.*

*qui tam* action and his retaliation claim under the FCA. Considering these fundamental distinctions, the Court finds that the *Boegh* case is distinguishable from the pending matter and does not support a finding that the Court lacks subject matter jurisdiction over Simoneaux's FCA claims.

Accordingly, DuPont's *Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction*[7] is hereby DENIED.

Signed in Baton Rouge, Louisiana, on <u>January 13, 2015</u>.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[7] Rec. Doc. 163.