# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ET AL. JEFFREY M. SIMONEAUX, Relator | * * * * | CIVIL ACTION NO. 12-219 JUDGE: SHELLY D. DICK |
| VERSUS | * * * | MAGISTRATE JUDGE: STEPHEN C. RIEDLINGER |
| E.I. du PONT de NEMOURS AND COMPANY | * * | |

## **RULING**

At the close of a two week jury trial, the jury returned a verdict in favor of DuPont and against Relator Simoneaux on his *qui tam* action brought pursuant to the reverse false claims act, 31 U.S.C. § 3130(b)(1), and for retaliation. Before the Court entered its *Judgment*, Simoneaux filed a *Motion to Include Language in the Judgment Preserving Relator's Rights Pursuant to 31. U.S.C. § 3730(c)(5)*.[1] DuPont has filed an *Opposition* to which Simoneaux filed a *Reply*.[2]

Simoneaux requests that the language of the Court's judgment reflect not only the jury's verdict, but also include language reserving Simoneaux's rights with respect to any recovery by the United States through an alternate remedy. Specifically, Simoneaux seeks the inclusion of the following: "This judgment is entered without prejudice to and expressly reserving any rights Mr. Simoneaux has pursuant to 31 U.S.C. § 3750(c)(5)."[3] Section 3750(c)(5) provides that:

---
[1] Rec. Doc. 192.
[2] Rec. Docs. 205 and 206.
[3] Rec. 192-1, p. 3.

25454                                            1

> the Government may elect to pursue its claim through any alternate remedy available to the Government, including any administrative proceeding to determine a civil money penalty. If any such alternate remedy is pursued in another proceeding, the person initiating the action shall have the same rights in such proceeding as such person would have had if the action had continued under this section.

Because the Government elected not to intervene in Simoneaux's *qui tam* action, Simoneaux contends that any future remedy pursued by the Government, such as an EPA enforcement action, should be considered an alternate remedy under the False Claims Act (FCA) to which he has a right to a portion of any proceeds recovered. The Court disagrees.

The Fifth Circuit has explained that a relator under the FCA may only share in the proceeds recovered by an alternate remedy if he has a valid complaint:

> [A] relator is not entitled to a share in the proceeds of an alternate remedy when the relator's qui tam action under §3729 is invalid: As §3730(c)(5) provides, a relator's rights in an alternate remedy proceeding are the 'same rights' that the relator would have had if the action had proceeded under the FCA. The relator's rights to a qui tam award in an FCA action are delineated in §3730(d), which section applies only in 'an action brought by a person under subsection (b).' Id. §3730(d)(1). Subsection (b), in turn, refers to an action brought for 'a violation of section 3729.' Id. §3730(b)(1). The statute evinces no intent to compensate relators who bring unfounded §3729 claims, whether the claims are legally or factually unfounded.[4]

Based on the foregoing, it is clear that where, as in this case, the Relator's claim is determined to be invalid, he no longer has any rights in the government's alternative remedy.

In this case, Simoneaux's claims arising under the reverse FCA were presented to a jury that considered the law and the relevant evidence in support of and against his

---

[4] *U.S. ex rel. Adrian v. Regents of University of California*, 337 Fed.Appx. 379, 381 (5th Cir. 2009)(quoting U*nited States ex rel. Hefner v. Hackensack Univ. Med. Ctr.*, 495 F.3d 103, 112 (3d Cir. 2007))(unpublished opinion).

claims. Ultimately, the jury returned a verdict finding that DuPont did not have substantial risk information that should have been reported, thereby negating Simoneaux's reverse FCA claims brought in his *qui tam* action.[5] In reaching such a finding, the jury essentially concluded that Simoneaux's reverse FCA claims were unfounded. Because Simoneaux's underlying reverse FCA claims failed, the Court finds that Simoneaux no longer has any rights contemplated by 31 U.S.C. §3730(c)(5).

Accordingly, Simoneaux's *Motion to Include Language in the Judgment Preserving Relator's Rights Pursuant to 31. U.S.C. § 3730(c)(5)*[6] is hereby DENIED. A separate *Judgment* shall be entered accordingly.

Signed in Baton Rouge, Louisiana, on February 25, 2015.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[5] Rec. Doc. 202. "Verdict Form." Question No. 1 on the Jury Verdict Form asked: "Do you find, by a preponderance of the evidence, that DuPont obtained information that reasonably supported the conclusion that the leaks of chemicals or chemical mixtures at its Burnside facility presented a substantial risk of injury to health or the environment?" The Jury answered "No."
[6] Rec. Doc. 192.