UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL. JEFFREY M. SIMONEAUX, Relator | CIVIL ACTION 12-219 |
| | JUDGE: SHELLY D. DICK |
| VERSUS | MAGISTRATE JUDGE: STEPHEN RIEDLINGER |
| E.I. du PONT de NEMOURS AND COMPANY | |

### RULING

Before the Court is the Plaintiff/Relator, Jeffrey M. Simoneaux's, *Motion to Strike Document No. 269-16.*[1] Defendant, E.I. du Pont de Nemours and Co. ("DuPont"), filed an *Opposition*[2] to which Simoneaux filed a *Reply*.[3]

Record Document 269-16[4] was filed by DuPont in support of its *Motion to Reconsider*[5] the Court's *Ruling*[6] which granted relief from *Judgment* and a new trial pursuant to FRCP Rule 60(b)(3). DuPont submits that the relevance of the document is to "show[] when the EPA had knowledge of the issues in [the] suit" thereby relieving DuPont of any reporting obligation under the Toxic Substances Control Act (TSCA).[7] DuPont's argument is disingenuous at best.

Relator filed this *qui tam* False Claims Act (FCA) suit in April of 2012.[8] After reviewing the *Complaint* and investigating the allegations, in September of 2012 the

---

[1] Rec. Doc. 274.
[2] Rec. Doc. 277.
[3] Rec. Doc. 283.
[4] A "Statement of Interest" by the United States and a supporting *Affidavit* of the Director for the Office of Pollution Prevention and Toxics for the EPA.
[5] Rec. Doc. 269.
[6] Rec. Doc. 263.
[7] Rec. Doc. 277, p. 3.
[8] Rec. Doc. 1.

1

United States notified the Court that it declined to intervene.[9] More than two years later and less than two months before the scheduled trial of this matter, the United States sought leave to file a "Statement of Interest," supported by an *Affidavit* from an official of the EPA which can best be described as an EPA-proclaimed epistle on the legal rights and obligations under the TSCA and the FCA.[10]  This Court denied the *Motion* and rejected the proposed filing finding that:

> [i]nasmuch as good cause is required to permit an intervention by the United States at this late stage in the proceedings, *a fortiori*, good cause must also be shown to file a "Statement of Interest". The United States sets forth no reasons of good cause for the proposed filing. The Court views the USA's proposed "Statement of Interest" in the nature of an amicus brief. The US cites no authority for the filing of same.[11]

At trial, DuPont sought to admit the same "Statement of Interest" and *Affidavit.* The Court sustained Relator's objection on the grounds that the legal opinions and factual findings espoused therein usurped the provinces of both the Court and the jury.

In what appears to the Court to be an attempt to embellish the record for appeal purposes, DuPont now attaches the same documents, twice before excluded by the Court, advancing an argument that the documents are relevant to the "notice issue." This explanation is nothing more than a thinly veiled attempt to "stack the deck" of the record.  Nowhere in the Statement of Interest or the accompanying *Affidavit* is the date or timeframe of the EPA's knowledge addressed.  Furthermore, as DuPont well knows, once a *qui tam* action is filed by a Relator on behalf of the United States to recover damages, the matter must remain under seal for a 60 day time period to allow the United States to conduct an investigation and decide whether to intervene as a party

---

[9] Rec. Doc. 6.
[10] Rec. Doc. 90. (under seal).
[11] *Ruling*, Rec. Doc. 100, p.2.

plaintiff. The record in this matter reveals that, after suit was filed, the government moved for and was granted an extension of time to investigate and make its intervention determination.[12] Furthermore, in other pleadings[13] filed in this matter, DuPont concedes the obvious fact that the Government received no notice when the *qui tam* suit was filed. In the face of these facts, it is ludicrous for DuPont to advance the proposition that a pleading and *Affidavit* sought to be filed more than two years later is in anyway probative of the timing of the government's knowledge.

Finally, if DuPont honestly believed that the documents, twice excluded by this Court, were somehow now relevant, DuPont could have sought leave to file the documents, or filed the documents under seal, or redacted information superfluous to the alleged purpose for which the documents were offered.

The *Motion to Strike*[14] is GRANTED and the Clerk of Court is hereby instructed to strike record document number 269-16 from the record of these proceedings.

Signed in Baton Rouge, Louisiana on November 2, 2015.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[12] Rec. Doc. 4.
[13] Rec. Doc. 269.
[14] Rec. Doc. 274.