# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA,                    CIVIL ACTION 12-219
ET AL. JEFFREY M. SIMONEAUX,
Relator                                                    JUDGE: SHELLY D. DICK

VERSUS                                                    MAGISTRATE JUDGE:
                                                                  STEPHEN RIEDLINGER
E.I. du PONT de NEMOURS AND
COMPANY

## RULING

Before the Court is the Relator/Plaintiff's *Motion for Sanctions*[1].  Defendant DuPont has filed an *Opposition*[2].  For the reasons which follow, the Court declines to impose monetary sanctions.

Relator seeks the imposition of sanctions for discovery violations. Relator contends that DuPont's failure to produce documents called for in discovery warrants the imposition of sanctions pursuant to Federal Rule of Civil Procedure 37(c)(1). Relator seeks the following sanctions: 1) payment of the reasonable expenses and attorney's fees caused by DuPont's failure to produce withheld documents, 2) an instruction to the jury as to DuPont's discovery violations, 3) an order compelling the production of additional allegedly withheld documents, and 4) an order directing that DuPont review and ensure proper supplementation of its initial disclosures and prior discovery responses.[3]

---

[1] Rec. Doc. 265.
[2] Rec. Doc. 270.
[3] Rec. Doc. 265, 265-1.

29173

After a 2-week jury trial, which culminated in a verdict favorable to DuPont, Relator learned of documents that DuPont failed to produce in response to discovery requests.[4]  The Court previously found that the Corporate Engineering Standards and Memorandum of Change Documents were called for in pretrial discovery but were undisclosed by DuPont notwithstanding a valid discovery request.[5] However, the Court found that these documents were neither relevant nor material to the claims presented. Likewise, the Court also previously found that leak calculations were called for by Relator in discovery but DuPont failed to produce the subject leak calculations[6] in response to discovery.  Finally, the Court found that a November 2014 OSHA "Citation and Notification of Penalty"[7] was also the subject of a discovery disclosure failure by DuPont. The fact that discovery violations occurred is the law of the case.

Under Rule 37(c)(1), a party may be subject to sanctions if it fails to provide information required under Rule 26, unless the failure was substantially justified or harmless.  DuPont argues that its discovery failures were harmless.  In granting the Relator's motion for relief under Rule 60(b)(3), the Court found that DuPont's failure to produce the subject leak calculations and the OSHA citation precluded Relator from fully and fairly presenting his case[8]. Thus, DuPont's discovery violations were not harmless. Nor were the discovery failures justified.

The Court granted a new trial on the grounds that DuPont's discovery failures constituted misconduct under Federal Rule of Civil Procedure 60(b)(3).[9] Relief from a

---

[4] Corporate Engineering Standard Rec. Doc. 213-4, Management of Change Document Rec. Doc. 213-5, leak calculation spreadsheets Rec. Doc. 213-3, and OSHA citation Rec. Doc. 241-4.
[5] Rec. Doc. 263.
[6] Rec. Doc. 23-3.
[7] Rec. Doc. 241-4, hereinafter the "OSHA Citation".
[8] Rec. Doc. 263.
[9] Rec. Doc. 263.

final judgment pursuant to Rule 60(b)(3) is remedial.[10] The granting of a new trial and the public finding of misconduct by DuPont on the record of these proceedings is in this Court's view sanction enough. The Court declines to impose monetary sanctions. Relator's request for an *Order* compelling discovery is denied without prejudice. If Realtor has a reasonable basis to believe that other discovery violations occurred, Relator may pursue the desired relief by way of a discovery motion. Relator's prayer for jury instructions as a sanction is premature and, therefore, denied. The matter of jury instructions is reserved until the time of the new trial.

Accordingly, Relator's *Motion for Sanctions*[11] is DENIED.

Signed in Baton Rouge, Louisiana on November 2, 2015.


_____
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[10] *Hesling v. CSX Transp., Inc.*, 396 F.3d 632 (5th Cir. 2005).
[11] Rec. Doc. 265.

29173