**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| JEFFREY M. SIMONEAUX | CIVIL DOCKET |
| VERSUS | 12-219-SDD-EWD |
| E.I. du PONT de NEMOURS & COMPANY | |

**RULING**

Before the Court, is Plaintiff, Jeffrey Simoneaux's, *Motion to Correct, Alter Or Amend Order and Judgment, For Relief from Order and Judgment, And For Reconsideration*.[1] The Motion is opposed[2] by Defendant E.I. du Pont de Nemours and Company's ("DuPont") and Plaintiff has filed a Reply.[3]

**I.    ISSUE PRESENTED**

Plaintiff seeks amendment and clarification of this Court's *Judgment*[4] on remand which dismissed Plaintiff's reverse FCA claim with prejudice. Plaintiff seeks clarification and confirmation that his retaliation claim remains viable. DuPont counters that the FCA retaliation claim fails as a matter of law upon dismissal of the underlying reverse FCA claim.

---

[1] Rec. Doc. 333.
[2] Rec. Doc. 338.
[3] Rec. Doc. 341.
[4] Rec. Doc. 332.

41846

## II. PROCEDURAL BACKGROUND AND POSTURE

Two claims were advanced by the Plaintiff, Jeffrey Simoneaux in this case; a reverse FCA claim[5] and an FCA employment retaliation claim[6]. The Court denied summary judgment[7] as to both claims and denied DuPont's Motion to certify for appeal the denial of its Motion for Summary Judgment on the FCA claim.[8] The matter proceeded to trial and, after hearing evidence for two weeks, the jury returned a verdict for DuPont and the Court entered a *Judgment*[9] in accordance with the jury's verdict. However, subsequently, the Court set aside the verdict and judgment under Rule 60(b)(3) upon finding by clear and convincing evidence that DuPont obtained the verdict through "fraud…, misrepresentation, or other misconduct" such that the Relator was prevented from fully and fairly presenting his case.[10]

Facing a lengthy and costly re-trial, DuPont moved the Court to reconsider its pre-trial denial of DuPont's *Motion* to certify for appeal the denial of its *Motion for Summary Judgment*.[11] The Court granted the *Motion for Reconsideration* and certified its denial of the Motion for Summary Judgment for Appeal.[12] The Court specifically stated: "the Court hereby certifies its April 4, 2014 *Ruling* denying DuPont's summary judgment motion for

---

[5] Simoneaux asserted a "reverse false claim" under Section 3729(a)(1)(G) of the False Claims Act ("FCA") which imposes liability on any person who "knowingly makes, uses or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government."
[6] Simoneaux also asserted a retaliation claim under 30 U.S.C. § 3730(h), alleging that he engaged in conduct protected by the FCA, known to duPont and for which duPont retaliated against him.
[7] Rec. Doc. 47, 85. Rec. Doc. 47 is the minute entry reflecting denial of duPont's reverse FCA claim for reasons orally assigned on April 4, 2014. Rec. Doc. 85 is the Court's *Ruling* and written reasons, denying DuPont's motion for summary judgment on the retaliation claim.
[8] Rec. Doc. 66.
[9] Rec. Doc. 212.
[10] Rec. Doc. 263.
[11] Rec. Doc. 286.
[12] Rec. Doc. 309.

appeal."[13] The Court's April 4, 2014 *Ruling* addressed only the Plaintiff's reverse FCA claim, not the FCA retaliation claim.[14]

On the interlocutory appeal in this matter, the Fifth Circuit ruled "It is ordered and adjudged that the denial of summary judgment for duPont on the reverse-FCA claim is reversed and remanded. With respect to the retaliation claim, the appeal is dismissed for lack of appellate jurisdiction."[15] On June 15, 2017, this Court entered its *Ruling on Remand* which ordered: "For the reasons articulated by the Court of Appeal, the Court hereby GRANTS Dupont's Motion for Summary Judgment and the Plaintiff's reverse FCA claim is hereby DISMISSED with prejudice."[16]

The procedural history makes it clear that only the issue of the Plaintiff's reverse FCA claim was certified for interlocutory appeal. The Court of Appeal reversed and remanded this Court's denial of DuPont's motion for summary judgment on the reverse-FCA claim, and for the reasons articulated by the Court of Appeal this Court dismissed the Plaintiff's reverse FCA claim with prejudice. The jury's verdict having been vacated, the Plaintiff's FCA retaliation claim remains before this Court. The Court declines DuPont's invitation to *sua sponte* enter summary judgment dismissing Plaintiff's FCA retaliation claim.

---

[13] Rec. Doc. 309, specific reference was made to Rec. Doc. 47 which is the minute entry reflecting denial of duPont's reverse FCA claim for reasons orally assigned on April 4, 2014. The Plaintiff's FCA retaliation claim was not addressed by the Court in its April 4, 2014 oral reasons for ruling. In a subsequent Ruling of cross motions for summary judgment the Court "acknowledges that it never [previously] reached the merits of whether Simoneaux could produce evidence showing that he informed his employer about his concern that they were defrauding the government by not reporting the gas leaks to the EPA." Rec. Doc. 85.
[14] *Id.*
[15] Rec. Doc. 328.
[16] Rec. Doc. 331.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the *Motion to Correct, Alter Or Amend Order and Judgment, For Relief from Order and Judgment, And For Reconsideration*[17] is GRANTED. This Court's *Ruling on Remand*[18] is hereby amended to clarify that Plaintiff's retaliation claim remains pending before the Court.

**IT IS FURTHER ORDERED** that, as to the remaining claim, any Dispositive Motions shall be filed on or before November 15, 2017. Opposition to any motion shall be filed within 21 days from the filing of the motion. The mover may file a reply brief, without the necessity of seeking leave, within 14 days of the filing of the opposition and such shall be limited to a total of 10 pages.

Signed in Baton Rouge, Louisiana on <u>October 12, 2017</u>.

_____
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[17] Rec. Doc. 333.
[18] Rec. Doc. 331.

41846