**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| JEFFREY M. SIMONEAUX, ET AL. | |
| | CIVIL ACTION |
| VERSUS | |
| | 12-219-SDD-SCR |
| E.I. du PONT de NEMOURS AND COMPANY | |

## RULING

This matter is before the Court on the *Motion for Summary Judgment on Plaintiff's Retaliation Claim* filed by Defendant E.I. duPont de Nemours and Co. ("DuPont").[1] Plaintiff Jeffrey M. Simoneaux ("Plaintiff") has filed an *Opposition*,[2] to which DuPont filed a *Reply*.[3] For the reasons which follow, DuPont's Motion shall be DENIED as moot, and the Court shall reinstate the Jury's Verdict and the Court's *Judgment* as to Plaintiff's FCA retaliation claim.

### I. BRIEF FACTUAL AND PROCEDURAL HISTORY

Two claims were advanced by Plaintiff in this case: a reverse False Claims Act ("FCA") claim[7] and a FCA employment retaliation claim.[8] The Court denied summary

---

[1] Rec. Doc. 345.
[2] Rec. Doc. 346.
[3] Rec. Doc. 349.
[7] Plaintiff asserted a "reverse false claim" under Section 3729(a)(1)(G) of the FCA which imposes liability on any person who "knowingly makes, uses or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government."
[8] Plaintiff also asserted a retaliation claim under 30 U.S.C. § 3730(h) alleging that he engaged in conduct protected by the FCA, known to DuPont and for which DuPont retaliated against him.
47962

judgment[9] as to both claims and denied DuPont's Motion to certify for appeal the denial of its *Motion for Summary Judgment* on the FCA claim.[10] The matter proceeded to trial and, after hearing evidence for two weeks, the jury returned a verdict for DuPont on both claims, and the Court entered *Judgment*[11] in accordance with the jury's verdict. However, subsequently, the Court set aside the verdict and *Judgment* under Rule 60(b)(3) upon finding by clear and convincing evidence that DuPont obtained the verdict through "fraud…, misrepresentation, or other misconduct" such that the Relator was prevented from fully and fairly presenting his case.[12]

Facing a lengthy and costly re-trial, DuPont moved the Court to reconsider its pre-trial denial of DuPont's *Motion* to certify for appeal the denial of its *Motion for Summary Judgment*.[13] The Court granted the *Motion for Reconsideration* and certified its denial of the *Motion for Summary Judgment* for Appeal.[14] The Court specifically stated: "the Court hereby certifies its April 4, 2014 *Ruling* denying DuPont's summary judgment motion for appeal."[15] The Court's April 4, 2014 *Ruling* addressed only the Plaintiff's reverse FCA claim, not the FCA retaliation claim.[16]

---

[9] Rec. Doc. 47, 85. Rec. Doc. 47 is the minute entry reflecting denial of DuPont's reverse FCA claim for reasons orally assigned on April 4, 2014. Rec. Doc. 85 is the Court's *Ruling* and written reasons denying DuPont's motion for summary judgment on the retaliation claim.
[10] Rec. Doc. 66.
[11] Rec. Doc. 212.
[12] Rec. Doc. 263.
[13] Rec. Doc. 286.
[14] Rec. Doc. 309.
[15] Rec. Doc. 309, specific reference was made to Rec. Doc. 47, which is the minute entry reflecting denial of DuPont's reverse FCA claim for reasons orally assigned on April 4, 2014. The Plaintiff's FCA retaliation claim was not addressed by the Court in its April 4, 2014 oral reasons for ruling. In a subsequent *Ruling* on cross motions for summary judgment, the Court "acknowledges that it never [previously] reached the merits of whether Simoneaux could produce evidence showing that he informed his employer about his concern that they were defrauding the government by not reporting the gas leaks to the EPA." Rec. Doc. 85.
[16] *Id.*
47962

On the interlocutory appeal in this matter, the Fifth Circuit ruled: "It is ordered and adjudged that the denial of summary judgment for duPont on the reverse-FCA claim is reversed and remanded. With respect to the retaliation claim, the appeal is dismissed for lack of appellate jurisdiction."[17] On June 15, 2017, this Court entered its *Ruling on Remand* which ordered: "For the reasons articulated by the Court of Appeal, the Court hereby GRANTS Dupont's *Motion for Summary Judgment* and the Plaintiff's reverse FCA claim is hereby DISMISSED with prejudice."[18]

The procedural history makes it clear that only the issue of the Plaintiff's reverse FCA claim was certified for interlocutory appeal. The Court of Appeal reversed and remanded this Court's denial of DuPont's *Motion for Summary Judgment* on the reverse-FCA claim, and for the reasons articulated by Fifth Circuit, the Court dismissed the Plaintiff's reverse FCA claim with prejudice. The Court then held that, the jury's verdict having been vacated, the Plaintiff's FCA retaliation claim remains before this Court.[19]

## II.  RECONSIDERATION OF COURT'S PRIOR RULINGS

Upon review of the lengthy and complex record of this matter, the Court hereby reconsiders its previous *Rulings* and its ultimate conclusion that Plaintiff's FCA retaliation claim remains viable. Both the United States Supreme Court and the Fifth Circuit have held that a district court has the discretion to reconsider its prior decisions *sua sponte* in any circumstance:

> [T]he law-of-the-case doctrine does not operate to prevent a district court from reconsidering prior rulings. "A court has the power to revisit prior decisions of its own ... in any circumstance...." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, 108 S.Ct. 2166, 100 L.Ed.2d 811

---

[17] Rec. Doc. 328.
[18] Rec. Doc. 331.
[19] Rec. Doc. 342.
47962

(1988). The doctrine "directs a court's discretion, it does not limit the tribunal's power." *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983) (citations omitted). The law-of-the-case doctrine is a rule of convenience designed to prevent unnecessary reconsideration of previously decided issues. *See Loumar, Inc. v. Smith*, 698 F.2d 759, 762 (5th Cir.1983). It is equally clear, though, that the rule "yields to adequate reason." *Id*.[30]

A review of the Jury's Verdict, rendered on January 23, 2015, reveals that the jury answered in the affirmative that Plaintiff "engaged in activity motivated by a concern that DuPont knowingly concealed or knowingly and improperly avoided or decreased its obligation to pay fines or penalties to the EPA," and that Plaintiff "made DuPont aware that he was concerned that DuPont was knowingly concealing or knowingly and improperly avoiding or decreasing possible fines or penalties." Nevertheless, the jury also answered in the negative when asked if "DuPont retaliated against Mr. Simoneaux by creating working conditions that were so intolerable that a reasonable employee would feel compelled to resign." Thus, the jury declined to award Plaintiff any money damages in relation to his retaliation claim. The Court entered *Judgment*[31] in accordance with the jury's verdict.

As set forth above, the Court set aside the verdict and *Judgment* pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure after finding that DuPont failed to produce newly discovered evidence pertaining to leak calculations and OSHA citations that was found to be material to Plaintiff's reverse FCA claim and which the Court found constituted misconduct on the part of DuPont.[32] Specifically, the Court held that the new evidence

---

[30] *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 171 (5th Cir. 2010).
[31] Rec. Doc. 212.
[32] Rec. Doc. 263.
47962

prevented Plaintiff from fully and fairly presenting his case.[33] However, a closer reading of the Court's ruling demonstrates that the newly discovered evidence pertained only to Plaintiff's reverse FCA claim and had nothing to do with Plaintiff's evidence, elements, or burden of proof with respect to his FCA retaliation claim. Indeed, Plaintiff's retaliation claim is never mentioned in this *Ruling*. When DuPont moved for reconsideration of this *Ruling*, the Court denied that Motion and again addressed the reasons for setting aside the jury's verdict and J*udgment*, explaining how the absence of the leak calculations and OSHA citations prevented Plaintiff from "fully and fairly presenting his case."[34] But again, Plaintiff's FCA retaliation claim was never mentioned.

Any fair reading of the Court's *Rulings* granting a new trial demonstrates that Plaintiff's retaliation claim was not at issue in the Court's consideration of the newly discovered evidence. Further, all discussion of the value of the leak calculations and the OSHA citations went directly to Plaintiff's ability to fully and fairly present his evidence on his reverse FCA claim. No party argued, and no argument can be made from any of the Court's analysis, that the newly discovered evidence pertained to, or would have in some way affected, the jury's answer to the question "Do you find, by a preponderance of the evidence, that DuPont retaliated against Mr. Simoneaux by creating working conditions that were so intolerable that a reasonable employee would feel compelled to resign?"

Because Plaintiff's FCA retaliation claim was fully and fairly adjudicated by the jury and was unaffected by the newly discovered evidence relating to Plaintiff's reverse FCA claim, the Court *sua sponte* vacates its previous *Ruling* in part and reinstates the Jury

---

[33] *Id.*
[34] Rec. Doc. 299 at 2.
47962

Verdict and *Judgment* as to Plaintiff's FCA retaliation claim.

Accordingly, DuPont's *Motion for Summary Judgment on Plaintiff's Retaliation Claim*[52] is DENIED as MOOT.[53]

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>September 19, 2018</u>.

                            *Shelly D. Dick*
                            **CHIEF JUDGE SHELLY D. DICK**
                            **UNITED STATES DISTRICT COURT**
                            **MIDDLE DISTRICT OF LOUISIANA**

---

[52] Rec. Doc. 345.
[53] The Court notes in the alternative that it would grant DuPont's *Motion for Summary Judgment*. Plaintiff's argument is well-taken that it was reasonable at the time for Plaintiff to believe that he was investigating matters that could lead to a viable FCA case. Indeed, the Court initially agreed with Plaintiff. However, the Fifth Circuit's reversal in this case made clear that it did not change the law. Following the Fifth Circuit's mandate, Plaintiff's claim is, <u>and was</u>, "an investigation of nothing more than his employer's non-compliance with federal or state regulations" and is insufficient as a matter of law to support a whistleblower claim. *Hoyte v. American Nat. Red Cross*, 518 F.3d 61, 67 (D.C. Cir. 2008)(quoting *United States ex rel. Yesudian v. Howard Univ.*, 153 F.3d 731, 740 (D.C. Cir. 1998)(citations omitted). While the Court acknowledges that "an employee need not have filed a FCA lawsuit or developed a winning claim at the time of the alleged retaliation," *United States ex rel. George v. Boston Scientific Corp.*, 864 F.Supp.2d 597, 605 (S.D. Tex. 2012)(citations omitted), it remains that "the relator 'must have been 'investigating matters that "reasonably could lead" to a viable False Claims Act case,' and here, that is simply not the case" as determined by the Fifth Circuit. *Hoyte*, 153 F.3d at 68 (quoting *Yesudian*, at 740).
47962